Peter P. Edrington, State Bar No. 074355
Dolores M. Donohoe, State Bar No. 111432
EDRINGTON, SCHIRMER & MURPHY LLP
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA  94523-3936
Telephone:  (925) 827-3300
Facsimile:  (925) 827-3320

Attorneys for Defendants CITY OF RICHMOND, RICHMOND POLICE DEPARTMENT, CHRIS MAGNUS, KENDALL BAGGETT and FLORENCIO RIVERA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NECO YARBOUGH, an individual; KRISTY FREEMAN, an individual;<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF RICHMOND; RICHMOND POLICE DEPARTMENT; CHRIS MAGNUS; KENDALL BAGGETT; FLORENCIO RIVERA; and DOES 1 through 50, inclusive.<br><br>　　　　Defendants.<br>_____/ | CASE NO.:  C10-03012 CW<br><br>PROTECTIVE ORDER |

　　　　1.　　The parties hereby agree and stipulate, through their attorneys of record, that the provisions of this Protective Order shall apply to all medical records produced or subpoenaed in this action. records,

　　　　2.　　The confidential material may be disclosed only to the following persons:  (a) Counsel of record for the parties in this or any related civil or criminal action; (b)  Defendants named in this action; (c)  Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel of record for the parties in this or any related civil or criminal action; (d) Court personnel and stenographic reporters engaged in such proceedings as are incidental to preparation for the Trial in this or any related civil or criminal action; (e)  Any outside expert or consultant retained by counsel for purposes of this or any related civil or criminal action; (f) Witnesses to whom the confidential material may be disclosed during a deposition taken in this

matter or otherwise during the preparation for Trial and during Trial, provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this Order.

3. Each person to whom disclosure of confidential material is made in accordance with paragraph 2, above, shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and agree to be bound by its provisions.

4. At the conclusion of the Trial and any appeal, or upon other termination of this litigation, all confidential materials obtained by counsel for the parties, and all parts of such material, in possession of counsel for the parties, shall be destroyed with proof of destruction, in affidavit form, delivered to counsel for plaintiffs, or returned to the provider at the conclusion of the case.

5. All confidential material obtained by counsel for the parties, shall be used solely in connection with this litigation, or a related appellate proceeding, and not for any other unauthorized purpose, including, but not limited to, any other unrelated litigation, or disclosure to the media.

6. Any documents, or any portion thereof, filed with the court that reveal confidential material, or the contents of any confidential material, shall be filed under seal, labeled with a cover sheet bearing the case name and number and the statement: "This document is subject to a Protective Order issued by the court and may not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the clerk of this court under seal and shall be made available only to the court or counsel. Upon failure of the filing party to so file a document under seal, any party may request that the court place the filing under seal.

7. Counsel for the parties and their legal assistants and consultants shall not make copies of the confidential material obtained by them except as necessary for purposes of this litigation.

8. Each person who has been afforded access to confidential material shall not disclose or discuss the confidential material with any person except as is necessary to this case, and then only in accordance with paragraphs 2 and 3 of this Order.

9. The provisions of this Protective Order are without prejudice to the right of any party: (a) To apply to the court for a further Protective Order relating to any confidential material or

relating to discovery in this litigation; (b) To apply to the court for an order removing the confidential material designation from any documents; (c) To object to a discovery request; (d) To apply to the court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

10. The provisions of this Order shall remain in force and effect until further order of this court.

**IT IS SO STIPULATED.**

Dated:                                                        THE CARDOZA LAW OFFICES, INC.

                                                              By    /s/
                                                                    Jacqueline C. Fagerlin, Esq.
                                                                    Attorney for Plaintiffs

Dated:                                                        EDRINGTON, SCHIRMER & MURPHY

                                                              By    /s/
                                                                    DOLORES M. DONOHOE
                                                                    Attorney for Defendant

**IT IS SO ORDERED. See Northern District of California Civil Local Rule 79-5.**

Dated: **2/3/2011**                                           _____
                                                              THE HONORABLE CLAUDIA WILKEN
                                                              UNITED STATES DISTRICT COURT